# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**UNITED STATES OF AMERICA**

    Plaintiff,

v.

**Undetermined quantities of unauthorized electronic nicotine delivery system ("ENDS") products, not including products with 0% nicotine, labeled as:**

**Raz in various flavors excluding any ENDS product with a sole characterizing flavor of tobacco;**

**Geek Bar in various flavors excluding any ENDS product with a sole characterizing flavor of tobacco;**

**HQD in various flavors excluding any ENDS product with a sole characterizing flavor of tobacco;**

**Fume in various flavors excluding any ENDS product with a sole characterizing flavor of tobacco; and**

**Lost Mary in various flavors excluding any ENDS product with a sole characterizing flavor of tobacco,**

**located at 3302 South West Shore Boulevard, Tampa, Florida**

    Defendants.

Case No.  8:25-cv-2341

## VERIFIED COMPLAINT FOR FORFEITURE *IN REM*

In accordance with Rule G(2) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Plaintiff, the United States, brings this

verified complaint and alleges upon information and belief as follows:

## NATURE OF THE ACTION

1.      This is a civil action *in rem* to seize, condemn, and forfeit to the United States, pursuant to 21 U.S.C. § 334(a)(2) and Supplemental Rule G(2), undetermined quantities of unauthorized electronic nicotine delivery system ("ENDS") products, not including products with 0% nicotine, labeled as Raz in various flavors excluding any ENDS product with a sole characterizing flavor of tobacco; Geek Bar in various flavors excluding any ENDS product with a sole characterizing flavor of tobacco; HQD in various flavors excluding any ENDS product with a sole characterizing flavor of tobacco; Fume in various flavors excluding any ENDS product with a sole characterizing flavor of tobacco; and Lost Mary in various flavors excluding any ENDS product with a sole characterizing flavor of tobacco, located at Progressive Retail Inc., d/b/a Rainbow Food Mart, located at 3302 South West Shore Boulevard, Tampa, Florida, 33629 ("Rainbow Food Mart"), on the grounds that the Defendant Products violate the Federal Food, Drug, and Cosmetic Act (the "Act") because they are adulterated and misbranded tobacco products under 21 U.S.C. § 387b(6)(A) (adulteration) and 21 U.S.C. § 387c(a)(6) (misbranding).

## JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction over an action commenced by the United States by virtue of 28 U.S.C. § 1345, and over an action for forfeiture by virtue of 28 U.S.C. § 1355.

3. This Court has *in rem* jurisdiction over the Defendant Products pursuant to 28 U.S.C. § 1355(b)(1)(A), because venue properly lies in the Middle District of Florida pursuant to 28 U.S.C. § 1395 and 21 U.S.C. § 334(a)(2), because the Defendant Products are located in this District.

4. Venue is proper in the United States District Court for the Middle District of Florida pursuant to 28 U.S.C. § 1355(b)(1), because pertinent facts or omissions giving rise to the forfeiture occurred in this District.

5. Because the Defendant Products are not in the government's possession, custody, and control, the United States requests that the Court issue an arrest warrant *in rem*, upon a finding of probable cause that the Defendant Products are adulterated and misbranded tobacco products, pursuant to Supplemental Rule G(3)(b)(ii). The United States will then execute the warrant on the property pursuant to Supplemental Rule G(3).

## THE DEFENDANTS *IN REM*

6. The Defendant Products consist of undetermined quantities of unauthorized electronic nicotine delivery system ("ENDS") products, not including products with 0% nicotine, labeled as Raz in various flavors excluding any ENDS product with a sole characterizing flavor of tobacco; Geek Bar in various flavors excluding any ENDS product with a sole characterizing flavor of tobacco; HQD in various flavors excluding any ENDS product with a sole characterizing flavor of tobacco; Fume in various flavors excluding any ENDS product with a sole

characterizing flavor of tobacco; and Lost Mary in various flavors excluding any ENDS product with a sole characterizing flavor of tobacco, being sold at Progressive Retail Inc., d/b/a Rainbow Food Mart, located at 3302 South West Shore Boulevard, Tampa, Florida, 33629.

7. As set as set forth in Supplemental Rule G(3)(b)(ii), the Court, upon a finding of probable cause, must issue a warrant to arrest the Defendant Products if they are not in the government's possession, custody, or control.

## BASIS FOR FORFEITURE

8. The Court's authority to order civil forfeiture of property for violations of 21 U.S.C. § 387b(6)(A) and 21 U.S.C. § 387c(a)(6) is found in 21 U.S.C. § 334(a)(2). Section 334(a)(2)(E) provides for the civil forfeiture of any adulterated or misbranded tobacco product.

9. As required by Supplemental Rule G(2)(f), the facts set forth herein support a reasonable belief that the government will be able to meet its burden of proof at trial. Specifically, they support a reasonable belief that the government will be able to show by a preponderance of the evidence that the Defendant Products are misbranded and adulterated tobacco products.

## FACTS

10. In August 2025, Yannick Deslauriers was employed as a Special Agent for the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF").

11. In August 2025, Megan Gardner was employed as a Special Agent for the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF").

12. In August 2025, Jill Atencio was employed as the Deputy Director of the Office of Compliance and Enforcement, Center for Tobacco Products ("CTP"), Food and Drug Administration ("FDA"), U.S. Department of Health and Human Services.

I. **Rainbow Food Mart Is Holding and Offering for Sale ENDS Products Labeled as Containing Nicotine**

13. On August 13, 2025, Special Agents Gardner and Deslauriers entered the Rainbow Food Mart establishment and purchased three Geek Bar products, one Raz product, and two Lost Mary products.

14. A picture of the products is depicted below:



15. FDA's Center for Tobacco Products determined that the six products depicted above: 1) were ENDS; and 2) were labeled as containing nicotine.

16. Video recordings made contemporaneously with the purchases revealed that additional ENDS purporting to contain nicotine were held or offered for sale at Rainbow Food Mart, including HQD and Fume.

17. As will be explained below, ENDS, including the Defendant Products, require authorization from the United States Food and Drug Administration ("FDA") before they may be offered for sale in the United States.

18. A review of FDA's records held at the Center for Tobacco Products shows that the Defendant Products have not obtained such authorization from FDA.

19. Consequently, the Defendant Products are deemed adulterated and misbranded, which makes them subject to civil forfeiture pursuant to 21 U.S.C. § 334(a)(2).

II.   **ENDS Are Tobacco Products**

20. Pursuant to 21 U.S.C. § 321(rr), a "tobacco product" is defined as "any product made or derived from tobacco, or containing nicotine from any source, that is intended for human consumption, including any component, part, or accessory of a tobacco product (except for raw materials other than tobacco used in manufacturing a component, part, or accessory of a tobacco product)."

21. A "tobacco product" within the meaning of 21 U.S.C. § 321(rr) is generally subject to the requirements of 21 U.S.C. Chapter 9, Subchapter IX. *See* 21 U.S.C. § 387a(b) (providing that such subchapter shall apply to "all cigarettes, cigarette tobacco, roll-your-own tobacco, and smokeless tobacco and to any other

tobacco products that [FDA] by regulation deems to be subject to this subchapter"); 81 Fed. Reg. 28974, 28975 (May 10, 2016) (deeming all products meeting the definition of "tobacco product" in 21 U.S.C. § 321(rr), except accessories of such newly deemed products, to be subject to subchapter IX).

22. ENDS, such as vapes, vaporizers, vape pens, and electronic cigarettes, generally meet the definition of "tobacco product" at 21 U.S.C. § 321(rr), and include: "devices, components, and/or parts that deliver aerosolized e-liquid when inhaled." FDA, Guidance for Industry: Enforcement Priorities for Electronic Nicotine Delivery Systems (ENDS) and Other Deemed Products on the Market Without Premarket Authorization (Revised)* (Apr. 2020), at 9-10, https://go.usa.gov/xuvn5. *See also* 81 Fed. Reg. 28974, 29028 (May 10, 2016).

23. E-liquids "are a type of ENDS product and generally refer to liquid nicotine and nicotine-containing e-liquids (*i.e.*, liquid nicotine combined with colorings, flavorings, and/or other ingredients)." *Id*.

III. **The Defendant Products are Adulterated and Misbranded Because They Have Not Received Premarket Authorization From FDA**

24. To legally market a new tobacco product in the United States, a company must obtain marketing authorization from the FDA. 21 U.S.C. § 387j(a)(2). The Defendant Products were not commercially marketed in the United States as of February 15, 2007. Accordingly, they are "new" tobacco products within the meaning

of 21 U.S.C. § 387j(a)(1) and require marketing authorization from the FDA to be legally sold in the United States.

25. Depending on the tobacco product, a manufacturer may receive FDA marketing authorization through one of three ways:

    a.) the manufacturer may submit a premarket tobacco product application ("PMTA") under 21 U.S.C. § 387j. For a PMTA, FDA issues a marketing granted order ("MGO") permitting marketing of the new tobacco product upon finding, among other things, that the product is appropriate for the protection of the public health. *See* 21 U.S.C. § 387j(c);

    b.) the manufacturer may submit a substantial equivalence ("SE") report under 21 U.S.C. § 387j(a)(2)(A)(i). For an SE report, FDA issues an SE order permitting marketing of the new tobacco product upon determining, among other things, that the product is substantially equivalent to a tobacco product commercially marketed in the U.S. as of February 15, 2007, or a tobacco product marketed after that date, but which FDA previously determined to be substantially equivalent. *See* 21 U.S.C. § 387e(j); or

    c.) the manufacturer may submit an exemption request submitted under 21 C.F.R. § 1107.1 and a report under 21 U.S.C. § 387e(j)(1) ("abbreviated report"). FDA reviews those submissions and, upon an appropriate showing, may issue a "found-exempt" order. *See* 21 U.S.C. § 387e(j)(3)(A).

26. A new tobacco product is required by 21 U.S.C. § 387j(a) to have premarket review, unless it has an SE order or found-exempt order in effect. *See* 21 U.S.C. § 387j(a)(2)(A).

27. A new tobacco product that is required by 21 U.S.C. § 387j(a) to have premarket review and does not have an MGO in effect under 21 U.S.C. § 387j(c)(1)(A)(i) is adulterated pursuant to 21 U.S.C. § 387b(6)(A).

28. A new tobacco product for which a "notice or other information respecting it was not provided as required" under the SE or exemption pathway, including an SE report or an abbreviated report, is misbranded under 21 U.S.C. § 387c(a)(6).

29. The Defendant Products do not have an SE order or found-exempt order in effect, so they are required by 21 U.S.C. § 387j(a)(2)(A) to have premarket review.

30. The Defendant Products are adulterated under 21 U.S.C. § 387b(6)(A) because they are new tobacco products that are required by 21 U.S.C. § 387j(a) to have premarket review and do not have an MGO in effect under 21 U.S.C. § 387j(c)(1)(A)(i).

31. Neither an SE report nor an abbreviated report has been submitted for any of the Defendant Products. Accordingly, the Defendant Products are misbranded under 21 U.S.C. § 387c(a)(6).

## IV. Rainbow Food Mart Has Previously Held and Offered for Sale Unauthorized ENDS Products

32. During an inspection of Rainbow Food Mart on August 6, 2023, U.S. Food and Drug Administration ("FDA") investigators observed that certain ENDS products being held and offered for sale by Rainbow Food Mart lacked required FDA premarket authorization and were, thus, adulterated and misbranded under the Act.

33. On September 22, 2023, FDA sent Rainbow Food Mart a Warning Letter which explained, among other things, that several of the ENDS products that Rainbow

Food Mart was offering for sale were adulterated and misbranded tobacco products under the Act.

34. Rainbow Food Mart did not respond to the September 22, 2023, Warning Letter.

35. On February 12, 2024, FDA filed an Administrative Complaint for Civil Money Penalty with the Department of Health and Human Services, Civil Remedies Division against Rainbow Food Mart. The presiding Administrative Law Judge later issued an Initial Decision and Default Judgment, finding that Rainbow Food Mart violated the prohibition for receiving and offering for sale new tobacco products that are adulterated and misbranded in violation of 21 U.S.C. § 331(c). FDA Docket No. FDA-2024-H-0707; CRD Docket No. T-24-1651. Following the issuance of the ALJ's Initial Decision and Default Judgment, FDA and Rainbow Food Mart settled this matter after Rainbow Food Mart admitted all the allegations in the Complaint and paid the agreed upon penalty.

## V. Articles To Be Seized

36. Based on video recordings of the undercover purchases by Special Agents Gardner and Deslaurier, undetermined quantities of unauthorized electronic nicotine delivery system ("ENDS") products, not including products with 0% nicotine, labeled as Raz in various flavors excluding any ENDS product with a sole characterizing flavor of tobacco; Geek Bar in various flavors excluding any ENDS product with a sole characterizing flavor of tobacco; HQD in various flavors excluding any ENDS

product with a sole characterizing flavor of tobacco; Fume in various flavors excluding any ENDS product with a sole characterizing flavor of tobacco; and Lost Mary in various flavors excluding any ENDS product with a sole characterizing flavor of tobacco, are being held and offered for sale at Progressive Retail Inc., d/b/a Rainbow Food Mart, located at 3302 South West Shore Boulevard, Tampa, Florida, 33629.

## CONCLUSION

37.    As required by Supplemental Rule G(2)(f), the facts set forth herein support a reasonable belief that the government will be able to meet its burden of proof at trial. Specifically, a preponderance of the evidence exists that the Defendant Products are adulterated and misbranded tobacco products as defined by 21 U.S.C. § 387b(6)(A) and 21 U.S.C. § 387c(a)(6), and are, therefore, subject to civil forfeiture pursuant to 21 U.S.C. § 334(a)(2).

| | |
|---|---|
| DATED: September 2, 2025 | Respectfully Submitted, |
| GREGORY W. KEHOE<br>United States Attorney | BRETT A. SHUMATE<br>Assistant Attorney General<br>Civil Division |
| JAMES A. MUENCH<br>Assistant United States Attorney<br>Florida Bar Number 472867<br>400 North Tampa Street, Suite 3200<br>Tampa, Florida 33602<br>(813) 274-6000 – telephone<br>E-mail: james.muench2@usdoj.gov | SARMAD M. KHOJASTEH<br>Acting Deputy Assistant Attorney<br>General<br><br>LISA K. HSIAO<br>Acting Director<br>Consumer Protection Branch<br><br>/s/ Roger J. Gural<br>ROGER J. GURAL<br>Senior Trial Attorney<br>Georgia Bar No. 300800<br>U.S. Department of Justice<br>450 5th Street, N.W.<br>Washington, DC 20044<br>Tel: 202-307-0174<br>Roger.Gural@usdoj.gov<br><br>*Attorneys for Plaintiff*<br>*United States of America*<br><br>ROBERT FOX FOSTER<br>Acting General Counsel<br>Chief Counsel for Foods, Research,<br>and Drugs<br>U.S. Department of Health and<br>Human Services<br><br>SEAN R. KEVENEY<br>Chief Counsel<br>Food and Drug Administration<br><br>SHANNON M. SINGLETON<br>Deputy Chief Counsel, Litigation |

WILLIAM H. RAWSON
Associate Chief Counsel
Office of the Chief Counsel
U.S. Food and Drug Administration
10903 New Hampshire Ave.
White Oak 31
Silver Spring, MD 20993-0002

*Of Counsel*

# **VERIFICATION**

I, Jill Atencio, verify and declare under penalty of perjury as follows:

I am Deputy Director of the Office of Compliance and Enforcement in the Center for Tobacco Products at the U.S. Food and Drug Administration, United States Department of Health and Human Services, and state that I have read the forgoing Verified Complaint for Forfeiture *In Rem* in this action and that the contents it contains are true and correct to the best of my knowledge, information, and belief.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States maintained in the ordinary course of business.

I hereby verify and declare under penalty of perjury that the foregoing is true and correct.

Dated: September 2, 2025

_____
Jill Atencio, J.D.
Deputy Director
Office of Compliance and Enforcement
Center for Tobacco Products